**Paul M. GILLESPIE, Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 12046.**

United States Court of Appeals
Fourth Circuit.

Argued May 6, 1968.

Decided Aug. 22, 1968.

William R. Marshall, Jr. (Court-assigned counsel), Richmond, Va. [Minor Thompson, Savage & Smithers, Richmond, Va., on brief], for appellant.

Overton P. Pollard, Asst. Atty. Gen., of Virginia, (Robert Y. Button, Atty. Gen., of Virginia, and Reno S. Harp, III, Asst. Atty. Gen. of Virginia, on brief) for appellee.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

Paul M. Gillespie, a Virginia prisoner presently serving two unrelated sentences, one for murder and the other for malicious wounding, appeals from an order of the District Court denying his petition for a writ of habeas corpus. Proceeding in forma pauperis, appellant attacks only the life sentence imposed for the murder conviction. He contends that he was denied assistance of counsel in his interrogation by the police and that therefore the resulting confession was unconstitutionally admitted in evidence at his state trial. Applying the principles enunciated in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964),[1] we uphold Gillespie's contention and remand this case to the District Court for issuance of the writ.

---

1. As appellant's trial took place on December 14, 1964, he properly relies only on the Supreme Court's opinion in *Escobedo.*

See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■ The facts are not in dispute. Upon his arrest on a charge of maliciously wounding one Anna Dutton, appellant was subjected to eleven days of continual police interrogation concerning his possible involvement in the unsolved murder of Virginia Parkins. Clearly the focus of a police investigation, Gillespie persistently refused to admit complicity in the Parkins murder. At approximately 9:00 o'clock on the evening of appellant's tenth day in custody, the police began a session of intense interrogation which lasted until 3:00 o'clock the following morning, when Gillespie expressly demanded the assistance of counsel before submitting to further questioning. The session was then terminated, but was resumed that afternoon without any effort on the part of the state to obtain the defendant an attorney in accordance with his request. Appellant repeated his desire for legal counsel and only then did one of the investigating officers summon a local attorney to the police station.

When, upon arrival at the station, the lawyer was informed of Gillespie's possible involvement in the "Parkins Matter," he told the suspect that a conflict of interests would prevent his serving as defense counsel. Appellant then inquired into the cost of retaining other counsel, to which the attorney responded that a lawyer's fee would be a minimum of $500. Before departing, however, the attorney did advise Gillespie of his right to remain silent. Ignoring this caution, appellant confessed shortly thereafter and his statement was ultimately admitted, over defense counsel's objection, at the state trial.

The state now concedes that the police procedure employed during Gillespie's interrogation fell short of *Escobedo* standards. As the Court stated:

"We hold * * * that where * * * the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer * * * the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment * * * and that no statement elicited by the police during the interrogation may be used against him at a criminal trial." 378 U.S. at 490, 84 S.Ct. at 1765.

Nevertheless, on this appeal the state urges us to accept the District Court's finding that appellant effectively waived his right to counsel. The record, however, does not support this conclusion.

■ Appellant unequivocally declared a desire to consult with an attorney before making a statement. The state disregarded this request and relentlessly pressed the interrogation. More importantly, after being rejected by state-chosen counsel the defendant was erroneously and improperly told that it would cost a minimum of $500 to exercise his right to counsel. Neither the police officers who were present during the lawyer's brief visit, nor anyone else, disabused the defendant, an indigent, of the effects of the misleading statement by advising him of his right to a free court-appointed lawyer. Since he was not fully and accurately apprised of his right, Gillespie could not knowingly and intelligently have waived it. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). See also United States v. Slaughter, 366 F.2d 833 (4 Cir. 1966). Thus, the introduction of Gillespie's statement violated his Sixth and Fourteenth Amendment rights and rendered his conviction void.

We find it unnecessary in light of this conclusion to consider appellant's other contentions. The judgment of the District Court is reversed and the case remanded for the issuance of a writ of habeas corpus with leave to the state to retry petitioner if it be so advised.

Reversed and remanded.